**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4984-16T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

  v.

CHRISTOPHER MOON,

      Defendant-Appellant.

_____

Submitted June 18, 2018 — Decided July 5, 2018

Before Judges Fisher and Fasciale.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Indictment No.
13-07-1240.

Joseph E. Krakora, Public Defender, attorney
for appellant (Kevin G. Byrnes, Designated
Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County
Prosecutor, attorney for respondent (Mary R.
Juliano, Assistant Prosecutor, of counsel;
Antonino L. Laberdee, Legal Assistant, on the
brief.

PER CURIAM

    Defendant was indicted and charged with a host of offenses.

He eventually pleaded guilty to a single count of first-degree

racketeering conspiracy, N.J.S.A. 2C:41-2(d), pursuant to a plea agreement, and the remaining twenty counts were dismissed; the State also agreed to recommend a ten-year prison term subject to the No Early Release Act. Defendant was sentenced to a ten-year prison term subject to NERA in September 2014.

Defendant appealed, arguing the sentence was excessive. The matter was placed on an excessive sentencing oral argument calendar. Appellate defense counsel argued the sentencing judge engaged in double-counting by finding aggravating factors three, six, and nine, and that the presentence report was inaccurate because it referred to offenses committed prior to defendant's birth. The State then argued the sentence could not be deemed excessive because defendant "got the absolute minimum sentence that was allowable for the crime to which he" pleaded guilty. We rejected defendant's arguments and affirmed. State v. Moon, No. A-1498-14 (App. Div. Mar. 10, 2015). The Supreme Court denied defendant's petition for certification. 222 N.J. 19 (2015).

In October 2015, defendant filed a post-conviction relief (PCR) petition, arguing his trial attorney was ineffective because: he should have argued NERA was inapplicable; he did not object to the judge's alleged double-counting of aggravating factors; and he failed to move for a sentence one degree lower. Judge Leslie-Ann M. Justus did not conduct an evidentiary hearing;

instead, after hearing oral argument and in light of the facts presented by the record, she concluded by way of a thorough oral decision that defendant failed to present a prima facie case of ineffectiveness.

Defendant appeals, arguing:

> I. THE DEFENDANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, PAR. 10 OF THE NEW JERSEY CONSTITUTION.
>
> II. THE SENTENCE IS ILLEGAL.
>
> III. THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

We find insufficient merit in these arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(2), and affirm substantially for the reasons set forth by Judge Justus in her well-reasoned oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3

A-4984-16T2